UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARIANNA SALIANI,<br><br>        Plaintiff<br><br>v.<br><br>SAM'S WEST, INC., a foreign corporation d/b/a SAM'S CLUB,<br><br>        Defendant | Case No.: 2:20-cv-01492-APG-BNW<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 36] |

The parties' proposed Joint Pretrial Order (ECF No. 36) does not comply with Local Rules 16-3 and 16-4.  In their respective exhibit lists, each party includes what appears to be every document produced during discovery.  The plaintiff also lists "all documents identified during discovery in this litigation," "all pleadings filed in this case," "all depositions including exhibits," and "all FRCP 26 disclosures." ECF No. 36 at 9.  Such blanket designations violate Local Rule 16-3, which requires parties to list their trial exhibits, and "describe the exhibits sufficiently for ready identification . . . ."

The parties' respective exhibit lists include many of the same exhibits.  Yet the parties do not stipulate to the admissibility of those exhibits.  If both sides intend to use the same exhibits, why are they not stipulated into evidence?  Local Rule 16-3(b)(8)(B) requires the parties to confer about such issues and stipulate "whenever possible."  Clearly the parties have not done so.

The parties also list blanket objections to all listed exhibits, without linking each objection to its associated exhibit.  And the defendant attempts to "reserve[] any and all evidentiary objections for trial." ECF No. 36 at 10.  This violates Local Rule 16-3(b)(8)(B),

which requires parties to state the ground for each objection to each exhibit. That way, the parties and I can more easily resolve objections.

Similarly, the parties list what appears to be every witness identified during discovery. The parties also list several "person[s] most knowledgeable" instead of actual names. The parties should know by now who the actual witnesses will be. Any undisclosed witnesses will be excluded from testifying at trial. LR 16-3(b)(12).

The proposed form of order does not comply with Local Rule 16-4.

Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot wait until the eve of trial to make trial decisions. Such tactics prevent full participation in settlement discussions and deprive the other side the ability to efficiently prepare for trial. It is apparent from the proposed Joint Pretrial Order that the parties ignored Local Rule 16-3.

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 36) is REJECTED.** The parties shall confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by January 31, 2022. Failure to do so may result in sanctions against the parties and their attorneys, which may include fines and dismissal of claims and defenses.

DATED this 10th day of January, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2