MARK G. HENNESS, ESQ.
Nevada Bar No. 5842
STEPHEN J. MENDENHALL, ESQ.
Nevada Bar No. 15286
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 862-8200
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARIANNA SALIANI,<br><br>                    Plaintiff,<br><br>vs.<br><br>SAM'S WEST, INC., a foreign corporation d/b/a SAM'S CLUB; DOES I through X; DOE EMLOYEES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                    Defendants. | Case No.:  2:20-cv-01492-APG-BNW<br><br>__JOINT PRETRIAL ORDER__<br> (Amended) |

Following pretrial proceedings in this cause,

IT IS ORDERED:

## I.

This is an action for negligence arising out of an alleged slip and fall that occurred July 21, 2018, at the Sam's Club, Store No. 6261 (hereinafter referred to as "Sam's Club"), located at 1910 East Serene Avenue in Las Vegas, Nevada.  On said date, Plaintiff Arianna Saliani and her husband visited Sam's Club.  While shopping, Ms. Saliani contends she was walking in the center of the freezer/dairy aisle, holding her son, when her foot suddenly slipped out from under her causing her to fall to the ground.  Plaintiff contends that unbeknownst to her, a liquid was present on the floor which caused her to slip and fall causing her to sustain injuries to her left wrist, right knee and leg,

left ankle and back. Plaintiff contends these injuries continue to plague her today, and she is now a candidate for spinal fusion surgery.

Plaintiff contends that Defendant had a duty to maintain the premises in a reasonably safe condition for use and a duty to inspect for dangerous conditions. Plaintiff also contends that Defendant's negligence was the actual and legal or proximate cause of Plaintiff's physical injuries. Plaintiff also contends that, as a result of the subject incident, she has incurred past medical and past and present pain and suffering and will incur future medical expenses and future pain and suffering.

Defendant Sam's West, Inc. contends that it is not liable because it nor its employees were negligent in the care of the subject premises nor did they have notice of any alleged hazard. Defendant further contends that they were not negligent in the hiring, training, supervision or retention of their employees.

Defendant contends that the amounts charged for the medical damages incurred by Plaintiff's were not customary and reasonable. Defendant further contends the damages Plaintiff claims are not attributable to Sam's Club incident. Last, Defendant contends that Plaintiff will not incur any future medical expenses including future pain and suffering.

**II.**

There is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.  Specifically, Plaintiff is a resident of Nevada and Defendant Sam's West is a resident of Arkansas and Delaware.  Plaintiff's past medical expenses alone are well in excess of $75,000.00. This Court therefore has jurisdiction pursuant to 28 USC Section 1332 (a)(1).

**III.**

**The following facts are admitted by the parties and require no proof:**

1.  That on July 21, 2018, Plaintiff was at the Sam's Club located at 1910 East Serene Avenue in Las Vegas, Nevada;

2. A store incident report was completed.

3. A customer incident report was completed.

4. A Witness Statement was completed by Nicholas Saliani.

5. A Witness Statement was completed by Don Walter.

6. A Witness Statement was completed by Andrew Stevenson.

7. A Witness Statement was completed by Tim Mitchell.

8. An Evidence Collection Sheet was completed by Tim Mitchell.

9. Photographs were taken by Tim Mitchell.

10. Surveillance video of the incident from one hour before the incident until one hour after the incident.

**IV.**

**The following facts though not admitted, will not be contested at trial by evidence to the contrary:**

1. None other than those listed in Section III, *supra.*

**V.**

**The following are the issues of fact to be tried and determined upon trial:**

1. Whether a hazardous condition existed on the floor of Sam's Club at the time of Plaintiff's incident on July 21, 2018;

2. Whether Sam's Club had actual or constructive notice of the alleged hazardous condition;

4. Whether Sam's Club had a duty to warn Plaintiff of the hazardous condition;

5. Whether Sam's Club or its agent(s) acted negligently;

6. Whether Sam's Club owed any duty of care to Plaintiff;

7.      Whether, if Sam's Club owed any duty of care to Plaintiff, Sam's Club breached any duty of care owed to Plaintiff;

8.      Whether Plaintiff suffered any injury as a result of the subject incident at Sam's Club on July 21, 2018;

9.      Whether Plaintiff's injury, if any, was the direct and proximate result of Sam's Club's negligence;

10.     Whether Plaintiff's treatment for her injuries were reasonably medically necessary, and whether the charges therefore were reasonable and customary for Clark County, Nevada;

11.     Whether Plaintiff had preexisting medical conditions that contributed to her alleged injuries sustained at Sam's Club;

12.     Whether Plaintiff's medical treatment was related to the alleged injury sustained at Sam's Club on July 21, 2018;

13.     Whether Plaintiff suffered any damages as a result of the subject incident at Sam's Club on July 21, 2018;

14.     Whether Plaintiff's future medical treatment is related to the alleged injury sustained at Sam's Club on July 21, 2018;

15.     Whether Sam's Club employees complied with its policies and procedures and/or industry standards for inspecting and maintaining the floors prior to Plaintiff's incident at Sam's Club on July 21, 2018;

16.     Whether Sam's Club employees complied with its policies and procedures and/or industry standards for responding to and/or investigating Plaintiff's incident at Sam's Club on July 21, 2018; and

17.     Whether Sam's Club may be liable, and to what extent, for damages to Plaintiff, if any, caused by Sam's Club's negligence, if any, irrespective of Plaintiff's pre-existing physical and/or mental limitations and/or deficiencies, if any, at the time of the incident at Sam's Club on July 21, 2018.

18.     The amount of negligence, if any, attributable to each party in this litigation;

**VI.**

**The following are the issues of law to be tried and determined upon trial:**

1. Negligence;

2. Premises liability;

3. Whether Plaintiff's expert testimony is admissible pursuant to the standards enunciated by <u>Federal Rules of Evidence</u> Rule 702 and the case of *Daubert v. Merril Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579 and its case law progeny;

4. Whether Defendant's expert testimony is admissible pursuant to the standards enunciated by <u>Federal Rules of Evidence</u> Rule 702 and the case of *Daubert v. Merril Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579 and its case law progeny.

5. Whether Sam's Club owed Plaintiff a duty to maintain the premises in a reasonably safe condition for use;

6. Whether a dangerous condition existed on the premises of Sam's Club at the time of Plaintiff's incident on July 21, 2018;

7. Whether Sam's Club had actual and/or constructive notice of a dangerous condition, if any, existing on the premises of Sam's Club at the time of Plaintiff's incident on July 21, 2018;

8. Whether Sam's Club had a duty to warn Plaintiff of a dangerous condition on the premises, if any;

9.  Whether, if Sam's Club had a duty to warn Plaintiff of a dangerous condition on the premises and if any such dangerous condition existed, Sam's Club discharged its duty;

10. Whether the alleged hazardous condition, if any, was open and obvious;

11. Whether Sam's Club owed any duty of care to Plaintiff;

12. Whether, if Sam's Club owed any duty of care to Plaintiff, Sam's Club breached any duty of care owed to Plaintiff;

13. Whether a breach of duty to Plaintiff by Sam's Club, if any, was the direct and proximate cause of Plaintiff's claimed damages;

14. Whether Plaintiff's damages claims, as listed in his FRCP 26(a) disclosures and Supplements thereto, are recoverable pursuant to the requirements of the law;

15. Whether the proper standard applied to Plaintiff's acts and/or omissions at Sam's Club on July 21, 2018, if any, is a "reasonable person standard" or standard;

16. Whether Sam's Club may be liable, and to what extent, for damages to Plaintiff, if any, caused by Sam's Club's negligence, if any, irrespective of Plaintiff's pre-existing physical and/or mental limitations and/or deficiencies, if any, at the time of the incident at Sam's Club on July 21, 2018;

17. The nature and extent of Plaintiff's injuries, impairment and need for continued and future medical care;

18. The extent of Plaintiff's past and future pain and suffering;

19. Damages;

20. Contributory Negligence;

21. The issues of law raised by the parties' anticipated motions in limine.

**VII.**

a)  **The following exhibits are stipulated into evidence in this case and may be so marked by the Clark:**

    a.  Plaintiff exhibits.

        1.  Complaint filed on 6/9/2020.

    b.  Defendant exhibits.

        1.  Sam's Club Incident Report (Bates No. WM2020-0009605-0001 to WM2020-0009605-0002);

        2.  Plaintiff's Customer Incident Report (Bates No. WM2020-0009605-0003);

        3.  Witness Statement – NICHOLAS SALIANI (Bates No. WM2020-0009605-0004);

        4.  Sam's Club Employee Witness Statement – DONALD WALTER ((Bates No. WM2020-0009605-0005);

        5.  Sam's Club Employee Witness Statement – ANDREW STEVENSON (Bates No. WM2020-0009605-0006);

        6.  Sam's Club Employee Witness Statement – TIMOTHY MITCHELL (Bates No. WM2020-0009605-0007);

        7.  Evidence Collection Sheet (WM2020-0009605-0008);

        8.  Color Photographs of Incident Location dated July 21, 2018 (Bates Nos. WM2020-0009605-0009 to WM2020-0009605-0013);

        9.  Surveillance Video of Incident Location dated July 21, 2018 (Produced on Disc, Bates Nos. WM2020-0009605-0014);

        10.  Shopper Events (Advanced Sales & Marketing) Vendor Samples

Dated July 21, 2020 (Bates No. WM2020-0009605-0015 through WM2020-0009605-0036);

11. *CONFIDENTIAL - Sam's West Policies and Procedures in effect at Club No. 6261 on July 21, 2018 related to Customer Injury Incident-Reporting Practice (Produced via OneDrive Link, Bates No. WM2020-0009605-0832 through WM2020-0009605-0851);

12. *CONFIDENTIAL - Sam's West Company Work Safety CBL Modules in effect at Club 6261 on July 21, 2018 (Produced via OneDrive Link, Bates No. WM2020-0009605-0852 through WM2020-0009605-0940); and

13. *CONFIDENTIAL - Sam's West Customer Safety and Maintenance Policies and Procedures in effect at Club 6261 on July 21, 2018 (Produced via OneDrive Link, Bates No. WM2020-0009605-0941 through WM2020-0009605-0978)

14. Sam's West's Floor Map of Club No. 6261 in effect on July 21, 2018 (Bates No. WM2020-0009605-1397);

15. *CONFIDENTIAL - Sam's West's Towel In Pocket (TIP) Program Maintenance Policy in effect at Club 6261 on July 21, 2018 (Bates No. WM2020-0009605-1398);

16. *CONFIDENTIAL - Sam's West Safety Resource Manual for Slip, Trip and Fall Guidelines in effect at Club 6261 on July 21, 2018 (Bates No. WM2020-0009605-1399).

   b) **The parties intend to offer into evidence in this case the following exhibits:**

a. **Plaintiff's Exhibits:**

| | | |
|---|---|---|
| 1. | Photographs of Plaintiff's injuries | PLNTF000005 – PLNTF000014 |
| 2. | Medical records and billing from UMC Quickcare | PLNTF000015 – PLNTF000072 |
| 3. | Medical records and billing from Nevada Spine and Disc | PLNTF000073 – PLNTF000133 |
| 4. | Medical billing from PayLater Pharmacy | PLNTF000134 |
| 5. | Medical records and billing from Las Vegas Radiology | PLNTF000135 – PLNTF000159 |
| 6. | Medical records and billing from ATI Physical Therapy | PLNTF000160 – PLNTF000216 |
| 7. | Medical records and billing from Interventional Pain and Spine Institute | PLNTF000217 – PLNTF000285 |
| 8. | Medical records and billing from Stuart Kaplan, M.D. | PLNTF000286 – PLNTF000373 |
| 9. | Medical records and billing Surgical Arts Center | PLNTF000374 – PLNTF000396 |
| 10. | September 16, 2020 Surgical Cost Letter from Stuart Kaplan, M.D. | PLNTF000397 – PLNTF000398 |
| 11. | Updated medical records and billing from ATI Physical Therapy | PLNTF000399 – PLNTF000474 |
| 12. | Medical records from Nevada Cardiology Associates | PLNTF000475 – PLNTF000482 |
| 13. | Medical records and billing from Southern Nevada Medical Group | PLNTF000483 – PLNTF000539 |
| 14. | Medical billing from Nevada Cardiology Associates | PLNTF000540 – PLNTF000543 |
| 15. | Rebuttal and/or impeachment documents as necessary | |

Additionally, Plaintiff reserves the right to rely upon and offer all exhibits identified by Defendant herein, as well as in all FRCP 26 disclosures.

### i. Defendant's Objections:

Defendant objects to the production of all listed medical records and billing on the basis of foundation, authenticity, relevance, and hearsay as Defendant asserts there are causation issues involved in the instant litigation and the aforementioned medical records are yet to be authenticated for purposes of trial. Further, these medical records lack relevance to the alleged incident and include hearsay statements meant to prove the truth of the matter asserted by the Plaintiff.

Defendant further objects to the authenticity, foundation, and relevancy of any alleged expert report as it has no foundation, is irrelevant to the proceedings, lacks foundation, lacks authenticity, is hearsay, more prejudicial than probative and inadmissible based upon the information contained therein.

### b. Defendants' Exhibits:

1. Documents from Sam's West's Third-Party Administrator's Claims File (Produced via OneDrive Link, Bates No. WM2020-0009605-0037 through WM2020-0009605-0780);

2. Sedgwick Claims Notes (Redacted) (Produced via OneDrive Link, Bates No. WM2020-0009605-0781 through WM2020-0009605-0831);

3. Defendant Sam's West, Inc.'s Privilege Log in submission with its second Supplemental FRCP 26(a) Disclosure Statement (Produced via OneDrive Link, Bates No. WM2020-0009605-0979 through WM2020-0009605-1002);

4. Plaintiff's Medical and Billing Records from Nevada Spine & Disc (Bates No. WM2020-0009605-1003 through WM2020-0009605-1072);

5. Plaintiff's Medical and Billing Records from Interventional Pain & Spine Institute (Bates No. WM2020-0009605-1073 through WM2020-0009605-1182);

6. Plaintiff's Medical and Billing Records from Las Vegas Neurosurgical Institute for Spine & Brain Surgery (Bates No. WM2020-0009605-1183 through WM2020-0009605-1286);

7. Plaintiff's Billing Records from Pay Later Pharmacy (Bates No. WM2020-0009605-1287 through WM2020-0009605-1289);

8. Plaintiff's Medical and Billing Records from Las Vegas Radiology (Bates No. WM2020-0009605-1290 through WM2020-0009605-1320);

9. Plaintiff's Medical Records from Surgical Arts Center (Bates No. WM2020-0009605-1321 through WM2020-0009605-1350);

10. Plaintiff's Medical and Billing Records from Dominic Robine, D.O. (Bates No. WM2020-0009605-1351 through WM2020-0009605-1364);

11. Plaintiff's Billing Records from St. Rose Dominican Hospital – San Martin (Bates No. WM2020-0009605-1365 through WM2020-0009605-1371);

12. Plaintiff's Medical Records from Doctors Center Family and Urgent Care (Bates No. WM2020-0009605-1372 through WM2020-0009605-1391);

13. Plaintiff's Medical and Billing Records from Denny Dumler, D.C. (Bates No. WM2020-0009605-1392 through WM2020-0009605-1396);

14. Plaintiff's Medical and Billing Records from ATI Physical Therapy (Bates No. WM2020-0009605-1400 through WM2020-0009605-1529);

15. Plaintiff's Medical and Billing Records from St. Rose Dominican Hospital – San Martin (Bates No. WM2020-0009605-1530 through WM2020-0009605-2275);

16. Plaintiff's Medical and Billing Records from Doctors Center Family and Urgent Care (Bates No. WM2020-0009605-2276 through WM2020-0009605-2360);

17. Plaintiff's Medical and Billing Records from UMC Quick Care (Bates No. WM2020-0009605-2361 through WM2020-0009605-2438);

18. Plaintiff's Medical and Billing Records from St. Rose Dominican Hospital – San Martin (Bates No. WM2020-0009605-2439 through WM2020-0009605-3189);

19. Plaintiff's Billing Records from Surgical Arts Center (Bates No. WM2020-0009605-3190 through WM2020-0009605-3199);

20. Plaintiff's Medical and Billing Records from Minute Clinic (Bates No. WM2020-0009605-3200 through WM2020-0009605-3224);

21. Plaintiff's Imaging Records from UMC Quick Care (Bates No. WM2020-0009605-3225);

22. Certificate of No Records from Pain Center of Henderson (Bates No. WM2020-0009605-3226 through WM2020-0009605-3228);

23. Plaintiff's Insurance Records from United Healthcare Services, Inc. (Bates No. WM2020-0009605-3229 through WM2020-0009605-3409);

24. Paul Kaloostian, M.D., FAANS, FACS Independent Medical Examination Report and Records Review dated April 28, 2021 (Bates No. WM2020-0009605-3410 through WM2020-0009605-3419);

25. Paul Kaloostian, M.D., FAANS, FAC, Curriculum Vitae, Testimony History, and Fee Schedule (Bates No. WM2020-0009605-3420 through WM2020-0009605-3430);

26. Plaintiff's Unitrin Direct Insurance Company – Medical Records & Billing (Bates No. WM2020-0009605-3431 through WM2020-0009605-3522);

27. Plaintiff's Southern Nevada Medical Group Medical Records & Billing (Bates No. WM2020-0009605-3523 through WM2020-0009605-3584);

28. Plaintiff's Nevada Cardiology Associates Medical Records & Billing (Bates No. WM2020-0009605-3585 through WM2020-0009605-3603);

### i.   Plaintiff's Objections:

1. The report and opinions of defense expert Paul E. Kaloostian, M.D., FAANS, FACS, dated April 28, 2021.

Plaintiff objects to the admissibility of the above-stated evidence pursuant to the standards enunciated by Federal Rules of Evidence Rules 702 and/or 703 and the case of *Daubert v. Merrill Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579 and its case law progeny, including, but not limited to: *General Elec. Co v. Joiner*, 522 U.S. 136 and *Claar v. Burlington N.R.R.*, 29 F. 3d 499 (9th Cir. 1994). Plaintiff also objects to the evidence to the extent said evidence is speculative, and where its

prejudicial nature outweighs its probative value.

        **In addition to the previously stated objections, Plaintiff objects to the admissibility of the following evidence based upon hearsay, lack of foundation, relevance or, in the alternative, pursuant to <u>Federal Rules of Evidence</u> Rule 403:**

1.   Paul Kaloostian, M.D., FAANS, FACS Independent Medical Examination Report and Records Review dated April 28, 2021 (Bates No. WM2020-0009605-3410 through WM2020-0009605-3419) which is a hearsay document and is inadmissible to prove the truth of the matters asserted within the report.

2.   Paul Kaloostian, M.D., FAANS, FAC, Curriculum Vitae, Testimony History, and Fee Schedule (Bates No. WM2020-0009605-3420 through WM2020-0009605-3430);

3.   Documents from Sam's West's Third-Party Administrator's Claims File (Produced via OneDrive Link, Bates No. WM2020-0009605-0037 through WM2020-0009605-0780);

4.   Sedgwick Claims Notes (Redacted) (Produced via OneDrive Link, Bates No. WM2020-0009605-0781 through WM2020-0009605-0831);

5.   Defendant Sam's West, Inc.'s Privilege Log in submission with its second Supplemental FRCP 26(a) Disclosure Statement (Produced via OneDrive Link, Bates No. WM2020-0009605-0979 through WM2020-0009605-1002);

6.   Plaintiff's Medical and Billing Records from Nevada Spine & Disc (Bates No. WM2020-0009605-1003 through WM2020-0009605-1072);

7.   Plaintiff's Medical and Billing Records from Interventional Pain & Spine Institute (Bates No. WM2020-0009605-1073 through WM2020-0009605-1182);

8.   Plaintiff's Medical and Billing Records from Las Vegas Neurosurgical Institute for Spine & Brain Surgery (Bates No. WM2020-0009605-1183 through WM2020-0009605-1286);

9.   Plaintiff's Billing Records from Pay Later Pharmacy (Bates No. WM2020-0009605-1287

through WM2020-0009605-1289);

10. Plaintiff's Medical and Billing Records from Las Vegas Radiology (Bates No. WM2020-0009605-1290 through WM2020-0009605-1320);

11. Plaintiff's Medical Records from Surgical Arts Center (Bates No. WM2020-0009605-1321 through WM2020-0009605-1350);

12. Plaintiff's Medical and Billing Records from Dominic Robine, D.O. (Bates No. WM2020-0009605-1351 through WM2020-0009605-1364);

13. Plaintiff's Billing Records from St. Rose Dominican Hospital – San Martin (Bates No. WM2020-0009605-1365 through WM2020-0009605-1371);

14. Plaintiff's Medical Records from Doctors Center Family and Urgent Care (Bates No. WM2020-0009605-1372 through WM2020-0009605-1391);

15. Plaintiff's Medical and Billing Records from Denny Dumler, D.C. (Bates No. WM2020-0009605-1392 through WM2020-0009605-1396);

16. Plaintiff's Medical and Billing Records from ATI Physical Therapy (Bates No. WM2020-0009605-1400 through WM2020-0009605-1529);

17. Plaintiff's Medical and Billing Records from St. Rose Dominican Hospital – San Martin (Bates No. WM2020-0009605-1530 through WM2020-0009605-2275);

18. Plaintiff's Medical and Billing Records from Doctors Center Family and Urgent Care (Bates No. WM2020-0009605-2276 through WM2020-0009605-2360);

19. Plaintiff's Medical and Billing Records from UMC Quick Care (Bates No. WM2020-0009605-2361 through WM2020-0009605-2438);

20. Plaintiff's Medical and Billing Records from St. Rose Dominican Hospital – San Martin (Bates No. WM2020-0009605-2439 through WM2020-0009605-3189);

21. Plaintiff's Billing Records from Surgical Arts Center (Bates No. WM2020-0009605-3190

through WM2020-0009605-3199);

22. Plaintiff's Medical and Billing Records from Minute Clinic (Bates No. WM2020-0009605-3200 through WM2020-0009605-3224);

23. Plaintiff's Imaging Records from UMC Quick Care (Bates No. WM2020-0009605-3225);

24. Certificate of No Records from Pain Center of Henderson (Bates No. WM2020-0009605-3226 through WM2020-0009605-3228);

25. Plaintiff's Insurance Records from United Healthcare Services, Inc. (Bates No. WM2020-0009605-3229 through WM2020-0009605-3409);

26. Plaintiff's Unitrin Direct Insurance Company – Medical Records & Billing (Bates No. WM2020-0009605-3431 through WM2020-0009605-3522);

27. Plaintiff's Southern Nevada Medical Group Medical Records & Billing (Bates No. WM2020-0009605-3523 through WM2020-0009605-3584);

28. Plaintiff's Nevada Cardiology Associates Medical Records & Billing (Bates No. WM2020-0009605-3585 through WM2020-0009605-3603);

c)      **The parties will offer the following depositions at the time of trial:**

**A.**      The Plaintiff will offer the following depositions: None anticipated at this time, though this is dependent upon witness availability.

**B.**      The Defendant will offer the following depositions:  Defendant will offer the deposition transcripts and videotaped depositions of any witness who was deposed and for which the foundation for unavailability has been satisfied.

**The parties offer the following objections to proposed depositions**:

A.      The Defendant objects to the Plaintiff's depositions as follows: None.

B.      The Plaintiff objects to the Defendant's depositions as follows: N/A.

## VIII.

**The following witnesses may be called by the parties upon trial:**

A.  **Plaintiff's witnesses she intends to call at trial:**

1.      Arianna Saliani
        c/o HENNESS & HAIGHT
        8972 Spanish Ridge Avenue
        Las Vegas, Nevada 89148

2.      Nicholas Saliani
        119 Willow Dove
        Las Vegas, NV 89123

3.      Person Most Knowledgeable
        SAM'S WEST, INC. d/b/a SAM'S CLUB
        c/o PHILLIPS, SPALLAS & ANGSTADT
        504 South Ninth Street
        Las Vegas, Nevada  89101

4.      Timothy Mitchell
        c/o PHILLIPS, SPALLAS & ANGSTADT
        504 South Ninth Street
        Las Vegas, Nevada  89101

5.      Donald Walter
        c/o PHILLIPS, SPALLAS & ANGSTADT
        504 South Ninth Street
        Las Vegas, Nevada 89101

6.      Anna Cybulski
        c/o PHILLIPS, SPALLAS & ANGSTADT
        504 South Ninth Street
        Las Vegas, Nevada 89101

7.      Alex Balian, MBA
        6520 Platt Avenue, #807
        West Hills, CA  91307-3218

8.      Stuart Kaplan, M.D.
        Las Vegas Neurosurgical Institute
        3012 S. Durango Drive
        Las Vegas, Nevada 89117

9.      Paul Kaloostian, M.D., FAANS, FACS
        11010 White Rock Road, Ste. 120
        Rancho Cordova, CA 95670


**Plaintiff's witnesses she may call at trial:**

1.      Andrew Stevenson
        c/o PHILLIPS, SPALLAS & ANGSTADT
        504 South Ninth Street
        Las Vegas, Nevada 89101

2.      Person Most Knowledgeable
        Crossmark
        5100 Legacy Drive
        Plano, Texas 75024

3.      Person Most Knowledgeable and/or
        Bridget (last name unknown) and/or
        Shannon Robertson and/or
        Rosie (last name unknown) and/or
        Toni (last name unknown) and/or
        Joan Gapsma and/or
        Connie (last name unknown) and/or
        Americo Genovese and/or
        Brenda (last name unknown) and/or
        Francess Hagoner and/or
        Brandy Garcia and/or
        Frenchie (last name unknown) and/or
        Emma (last name unknown) and/or
        Shopper Events
        c/o Capitol Services, Inc.
        108 Lakeland Ave.
        Dover, Delaware 19901

4.      Person Most Knowledgeable
        Advanced Sales & Marketing
        18100 Von Karman Ave., 9th Floor
        Irvine, California, 92612

5.      Person Most Knowledgeable and/or
        Custodian of Records
        UMC Quick Care – Blue Diamond
        4760 Blue Diamond Road, Ste. 110
        Las Vegas, Nevada  89139

6.      Person Most Knowledgeable and/or

| | |
|---|---|
| 1 | Custodian of Records |
| 2 | Nevada Spine and Disc |
| | 8665 South Eastern Avenue, #103 |
| 3 | Las Vegas, Nevada  89123 |

7. Person Most Knowledgeable and/or
Custodian of Records
PayLater Pharmacy
552 East Charleston Blvd.
Las Vegas, Nevada  89104

8. Person Most Knowledgeable and/or
Custodian of Records
ATI Physical Therapy
790 Remington Blvd.
Bolingbrook, IL  60440

8. Person Most Knowledgeable and/or
Custodian of Records and/or
Hans Jorg Rosler, M.D.
Interventional Pain and Spine Institute
851 South Rampart Blvd., Ste. 100
Las Vegas, Nevada  89145

9. Person Most Knowledgeable and/or
Custodian of Records and/or
Stuart Kaplan, M.D.
LVNI
3012 South Durango Dr.
Las Vegas, Nevada  89117

10. Person Most Knowledgeable and/or
Custodian of Records and/or
Dominic Robine, D.O.
Nevada Cardiology
3140 North Tenaya Way, Ste. 460
Las Vegas, Nevada  89128

11. Person Most Knowledgeable and/or
Custodian of Records and/or
Michelle Hyla, D.O.
Southern Nevada Medical Group
1485 East Flamingo Rd.
Las Vegas, Nevada  89119

///

Plaintiff reserves the right to use any witnesses listed by any other party to this litigation. Plaintiff further reserves the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

B. **Defendant's witnesses:**

1.    Arianna Saliani, Plaintiff
c/o HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148

2.    Nicholas Saliani
9480 Descending Creek Street
Las Vegas, NV 89123

3.    Timothy Michell
c/o PHILLIP, SPALLAS & ANGSTADT, LLC
504 South Ninth Street
Las Vegas, Nevada 89101

4.    Donald Walter
816 Fireweed Drive
Henderson, Nevada 89002

5.    Andrew Stevenson
c/o PHILLIP, SPALLAS & ANGSTADT, LLC
504 South Ninth Street
Las Vegas, Nevada 89101

6.    Anna Cybulski
c/o PHILLIP, SPALLAS & ANGSTADT, LLC
504 South Ninth Street
Las Vegas, Nevada 89101

7.    Paul Kaloostian, M.D., FAANS, FACS
11010 White Rock Road, Ste. 120
Rancho Cordova, CA 95670

8.    Brandy Garcia
Advanced Sales & Marketing
18100 Von Karman Avenue, 9th Floor
Irvine, California, 92612

9.      Brandy Garcia
Shopper Events
108 Lakeland Avenue
Dover, Delaware, 19901

Defendant reserves the right to use any witnesses listed by any other party to this litigation. Defendant further reserves the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

**IX.**

**Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:**

May 9, 2022              June 13, 2022              July 11, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

**X.**

It is estimated that the trial herein will take a total of  5 to 7  days.

APPROVED as to FORM and CONTENT:

DATED this 31st day of January, 2022.          DATED this this 31st day of January, 2022.

HENNESS & HAIGHT                              PHILLIPS SPALLAS & ANGSTADT, LLC

*/s/ Stephen J. Mendenhall, Esq.*             */s/ Latisha Robinson, Esq.*

MARK G. HENNESS, ESQ.                         ROBERT K. PHILLIPS, ESQ
Nevada Bar No. 5842                           Nevada Bar No. 11441
STEPHEN J. MENDENHALL, ESQ.                   TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 15286                          Nevada Bar No. 13362
8972 Spanish Ridge Avenue                     LATISHA ROBINSON, ESQ.
Las Vegas, Nevada 89148                       Nevada Bar No. 15314
*Attorneys for Plaintiff*                     504 S. Ninth Street
                                              Las Vegas, Nevada 89101
                                              *Attorneys for Defendant*

1
2

ORDER

3 This case is set for jury trial on the stacked calendar on <u>May 9, 2022</u>, at <u>9:00 a</u>.m. in courtroom

4 6C. Calendar call will be held on <u>May 3, 2022</u>, at <u>9:00 a</u>.m. in Courtroom 6C.

5 This pretrial order has been approved by the parties to this action as evidenced by their

6 signatures or the signatures of their attorneys hereon, and the order is hereby entered and will

7 govern the trial of this case. This order may not be amended except by court order and based

8 upon the parties' agreement or to prevent manifest injustice.

9
10
11

12 ***NOTICE: Due to the unusually large number of complex criminal cases set for lengthy trials
before this Court, civil trials may possibly be held in a trailing status for months or be assigned
to another District Court Judge for trial. Therefore, the Court <u>strongly urges</u> the parties to
consider their option to proceed before a Magistrate Judge pursuant to Local Rule IB 2-2, in
accordance with 28 USC Section 636 and FRCP 73.***

13
14
15

16 ***The Clerk shall provide the parties with a link to AO 85 Notice of Availability, Consent and
Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge form on the Courts
website.***

17
18
19

20 IT IS SO ORDERED this __1st__ day of ___February___, 2022.

21
22
23 _____
24 UNITED STATES DISTRICT JUDGE
25
26
27
28